**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREGORY J. TURLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 09-829-GPM |
| ) | |
| DONALD GAETZ, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Gregory Turley, currently a prisoner in the Menard Correctional Center, seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He notes that over a year ago, the Honorable Michael J. Reagan found that he had accumulated three strikes under the rules set forth by the Seventh Circuit. *See George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007); *Boriboune v. Berge,* 391 F.3d 852, 855 (7th Cir. 2004).[1] In his instant motion, Turley contests that finding. Turley alternatively argues that even if he has accumulated three strikes, he should be allowed to proceed *in forma pauperis* in this action because he is in imminent danger. *See* 28 U.S.C. § 1915(g). Turley is incorrect on both points.

### THREE STRIKES

In reviewing Turley's prior litigation, the Court has found three cases in which he had a complaint or portion of a complaint dismissed prior to the date he filed the current action, October

---

[1] In *Turley v. Bedinger*, Case No. 08-07-MJR (S.D. Ill., Doc. 6), Judge Reagan found that Turley had accumulated 3 strikes prior to January 3, 2008.

7, 2009. The cases are: *Turley v. Cowan*, Case No. 01-cv-188-MJR (S.D. Ill., filed March 26, 2001); *Turley v. Smith*, Case No. 02-cv-4592 (N.D. Ill., filed June 27, 2002); *Turley v. Catchings*, Case No. 03-cv-8492 (N.D. Ill., filed Dec. 3, 2003).

In *Turley v. Cowan*, Judge Reagan found that Turley had failed to state a claim regarding his conditions of confinement ("limited access to showers and outdoor exercise, his monthly state pay is limited to $6.00, the ventilation in his living unit is inadequate, and he has no cable television"); nor did he state a claim with respect to the timely processing of his grievances (*see* Doc. 7, filed Feb. 20, 2002). Although the court allowed another claim asserted by Turley to go forward, the dismissal of these two claims counts as a strike for purposes of § 1915(g). *See George,* 507 F.3d at 607-08; *Boriboune,* 391 F.3d at 855. This is strike one.

In *Turley v. Smith*, the Northern District found that Turley had failed to state a claim against several defendants who had "heard and denied his grievances" with respect to medical care (*see* Doc. 7, filed June 27, 2002). Again, even though the Northern District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George,* 507 F.3d at 607-08; *Boriboune,* 391 F.3d at 855. This is strike two.

In *Turley v. Catchings*, the Northern District found that Turley had failed to state a claim with respect to placement in investigative status for 30 days; he also did not state a claim against several defendants who were sued solely in their supervisory capacity (*see* Doc. 7, filed Dec. 15, 2003). Although the Northern District allowed other claims asserted by Plaintiff to go forward, this dismissal counts as a strike for purposes of § 1915(g). *See George,* 507 F.3d at 607-08; *Boriboune,* 391 F.3d 852, 855 (7th Cir. 2004). This is strike three.

Turley argues that a dismissal may only be counted as a strike if the entire action was dismissed as frivolous, malicious, or for failure to state a claim. This argument is directly contrary

to the Seventh Circuit Court of Appeals' decision in *George*. Whether *George* is a correct interpretation of § 1915(g) is not a decision for this Court to make. Unless and until the Seventh Circuit Court of Appeals changes its position or is overruled by the United States Supreme Court, *George* is the controlling law regarding the counting of strikes. Under *George*, Turley has accumulated three strikes.

### IMMINENT DANGER

The Seventh Circuit has explained that "imminent danger" requires a "real and proximate" threat or prison condition. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Allegations of past harm are not sufficient to state imminent danger; "the harm must be imminent or occurring at the time the complaint is filed." *Id.* A plaintiff has not sufficiently alleged imminent danger where he states a past injury that has not recurred. *Id.* "By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to *prevent impending harms*, not those harms that had already occurred." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 315 (3d Cir. 2001) (emphasis added). Examples of imminent danger include being repeatedly placed near one's enemies, despite prior assaults, *see Ashley v. Dilworth*, 147 F.3d 715 (8th Cir. 1998); an untreated mouth infection that had caused the extraction of five teeth, *see McAlphin v. Toney*, 281 F.3d 709 (8th Cir. 2002); and failure to treat a chronic disease, such as Hepatitis C, that "could result in serious harm or even death constitutes a 'serious physical injury,'" *see Ibrahim v. District of Columbia*, 463 F.3d 3, 7 (D.C. Cir. 2006).

The claims presented in Turley's complaint involve denial of procedural due process, frequent cell changes, and placement in segregation, all done in retaliation for his litigation efforts. He asserts that he is in "imminent danger" of being subjected to this continuing treatment, thus warranting exception to the three-strikes provision. However, being subjected to this sort of

treatment is not the sort of "imminent danger of serious physical harm" contemplated by the statute.

Turley does inject a claim that he has been placed in proximity to a declared enemy who has subjected him to attack. At first blush, such a claim might be enough to sustain a finding of imminent danger, until one reads the complaint in more detail. The "enemy" in question is actually a named defendant in this action, Officer Lindenberg. And the alleged "attacks" are that Lindenberg verbally berated Turley and Lindenberg loudly banged closed a steel gate on numerous occasions when Turley was held in the bull pen. This banging allegedly caused a popped eardrum, headaches, and ringing in his ears.

This Court finds that these alleged injuries do not support a finding that Turley is in imminent danger of serious physical harm.

### DISPOSITION

Turley has accumulated at least three strikes, and he is not in imminent danger of serious physical harm due to any claim presented in this action. Accordingly, the motion for leave to proceed in forma pauperis is **DENIED**. This action is **DISMISSED** without prejudice to Turley bringing these claims in a fully pre-paid action. All other pending motions are **DENIED as moot**.

The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

**IT IS SO ORDERED.**

DATED: 11/12/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge
