**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GREGORY J. TURLEY,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | CIVIL NO. 09-cv-829-GPM |
| vs.   ) | |
| ) | APPEAL NO. 09-3847 |
| DONALD GAETZ, *et al.*,   ) | |
| ) | |
| Defendants.   ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

On November 12, 2009, this Court denied Plaintiff's motion to proceed *in forma pauperis* based on the three-strikes provisions of 28 U.S.C. § 1915(g) and dismissed the action without prejudice to refiling the claims in a fully prepaid suit (Doc. 9). Plaintiff filed a notice of appeal on November 20, 2009 (Doc. 10). On December 3, 2009, Plaintiff filed a combined motion for reconsideration and for leave to proceed *in forma pauperis* on appeal (Doc. 14).

Plaintiff's appeal challenges this Court's decision denying his motion to proceed *in forma pauperis*. His motion challenges the Court's specific finding that he is not in imminent danger of serious physical injury. Plaintiff's filing of a notice of appeal has transferred jurisdiction over this matter to the United States Court of Appeals for Seventh Circuit. "[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "Just as the notice of appeal transfers jurisdiction

to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is 'in' the court of appeals, and any action by the district court is a nullity." *Kusay*, 62 F.3d at 193, *citing United States v. Wells*, 766 F.2d 12, 19 (1st Cir. 1985); *Zaklama v. Mt. Sinai Medical Center*, 906 F.2d 645, 649 (11th Cir. 1990); 16 Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Eugene Gressman, Federal Practice & Procedure § 3949 at 359 (1977). Consequently, this Court is without jurisdiction to consider Plaintiff's motion for reconsideration, and this portion of his motion (Doc. 14) is dismissed for lack of jurisdiction.[1]

After filing this motion requesting leave to proceed *in forma pauperis* on appeal, Plaintiff tendered the appellate filing fee (*see* Doc. 15). Accordingly, this portion of the motion (Doc. 14) is denied as moot.

For these reasons, the motion (Doc. 14) is **DISMISSED in part and DENIED as moot in part**. Specifically, Plaintiff's request for reconsideration is **DISMISSED** for lack of jurisdiction; his request for leave to proceed *in forma pauperis* on appeal is **DENIED as moot**.

**IT IS SO ORDERED.**

DATED: 04/05/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[1] *Griggs* notes an important limitation on the rule that just one court at a time possesses jurisdiction: the doctrine applies only to "those aspects of the case involved in the appeal." A district court therefore may award attorneys' fees while the merits are on appeal, *Terket v. Lund*, 623 F.2d 29, 33-34 (7th Cir.1980), and may consider whether to grant permanent injunctive relief while an appeal from a preliminary injunction is pending, *Chrysler Motors Corp. v. International Workers Union*, 909 F.2d 248, 250 (7th Cir. 1990). A district court also may address ancillary questions such as costs, the registration of judgments, and motions for certificates of probable cause. *Chicago Truck Drivers Pension Fund v. Central Transport, Inc.*, 935 F.2d 114, 119-20 (7th Cir. 1991); *Wilson v. O'Leary*, 895 F.2d 378, 382 (7th Cir. 1990). Plaintiff's motion does not involve such an "ancillary question."