IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY J. TURLEY,              )
                                )
         Plaintiff,             )
                                )
vs.                             )   Case No. 09-cv-0829-MJR-SCW
                                )
DAVID REDNOUR, JEANETTE         )
COWAN, BETSY SPILLER, MARCK     )
QUILLMAN, C/O SCHNICKER, C/O    )
LINDENBURG, FRANK LAWRENCE, J.  )
HAMILTON,                       )
                                )
         Defendants.            )

# REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

## Background

*Pro se* Plaintiff Gregory J. Turley ("Turley"), an inmate at the Menard Correctional Center ("Menard"), filed this action against sixteen (16) named Defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights, including retaliation for engaging in protected activities, a failure to protect him from harm, excessive use of force and due process violations. Pursuant to 28 U.S.C. §1915A, District Judge Reagan conducted a preliminary review of Turley's complaint, dismissing *with* prejudice eight of the named Defendants, and Turley's due process claim (Count 3). As a result, only Turley's claims of (1) Retaliation; (2) failure to protect; and (3) excessive force remain, against the eight Defendants named in the caption above.

Now before the Court are two "Emergency" motions filed by Turley. In his first motion,

1

Turley moves this Court for a pre-trial conference, a Temporary Restraining Order (TRO), and a preliminary injunction because he is allegedly suffering "irreparable injury," including being "at high risk of either being physically assaulted or 'set-up' on a false disciplinary report again (or both)," and being subject to extensive cell searches where certain Defendants allegedly confiscate evidence without proper documentation (Doc. 47, p. 1). Turley further claims that he has had "no access to the Menard grievance process since before August of 2009," because Defendants allegedly "REFUSE to accept, acknowledge, or respond to ANY of the grievances that he has filed since August of 2009" (*Id.*, p. 3) (emphasis in original). In sum, Turley alleges that in spite of being a compliant, mild-mannered prisoner with no assaultive history, Defendants nonetheless target him for retaliatory acts because of his extensive litigation history.

As a result of these allegedly retaliatory acts, Turley first requests a pretrial hearing and an Order from this Court (1) allowing him to sign into Protective Custody and take all of his personal property with him; (2) granting him a fair and impartial hearing in front of "non-enemy" prison officials; and (3) "that it be stipulated that emplyee's [sic] can be recognized by Turley as his enemy" (*Id.*, p. 4). Turley also seeks a TRO, pursuant to FEDERAL RULE OF CIVIL PROCEDURE 65(b), Ordering Defendant Warden Rednour to "immediately remove the Plaintiff from the West Cellhouse, and place him back in the South Upper Cellhouse in a cell by himself"; and directing that he be removed from Menard's most dangerous and high aggression unit and be allowed to remain in General Poplulation (*Id.*, p. 5) (perhaps a redundant request). Finally, Turley seeks a preliminary injunction directing that he be "latterally transferred—along with all his personal property and legal work—within 72 hours, to the Pontiac Correctional Center's Protective Custody Unit" (*Id.*). For the reasons outlined below, it is the RECOMMENDATION of the undersigned Magistrate Judge that all of Turley's requests be DENIED.

**Turley's Request for an *ex parte* Hearing**

The Court can find only a few rare cases where civil litigants were granted an *ex parte* hearing such as the one requested here by Turley. Turley cites to no legal authority in support of his request, and this Court is hard-pressed to find any. While FED. R. CIV. P. 16(c)(2) provides that "the court may consider and take appropriate action" in support of a wide variety of legal matters, *ex parte* hearings are not listed within its extensive litany of possible options. Indeed, this Court finds no legal or independent justification to support Turley's request for an *ex parte* pretrial hearing. As such, the undersigned Magistrate Judge RECOMMENDS that this request be DENIED.

**Turley's Request for Temporary Restraining Order ("TRO")**

A TRO is an "emergency remedy" the purpose of which, generally speaking, is to "maintain the status quo until a hearing can be held on an application for a preliminary injunction." *Crue v. Aiken*, 137 F.Supp.2d 1076, 1082 (C.D. Ill. 2001). Thus, preliminary injunctive relief is designed "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortgage Corp. v. Platinum Financial Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). In the Seventh Circuit, the legal standards for a TRO and a preliminary injunction are functionally identical. *Crue*, 137 F.Supp.2d at 1082-83. Procedurally speaking, pursuant to Fed. R. Civ. P. 65(b)(1), a TRO may be issued without notice to the adverse party *only* if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Substantively, a party seeking preliminary injunctive relief must make a threshold showing that (1) it has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) it will

suffer irreparable harm in the interim period prior to final resolution of its claims if the injunction is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S.A., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008); *Ferrell v. United States Dep't of Housing and Urban Dev.*, 186 F.3d 805, 811 (7th Cir. 1999). If the moving party successfully establishes these three factors, the Court then must balance the harms to both parties using a "sliding scale" analysis, while also considering the effect that granting or denying the injunction will have on the public. *Girl Scouts*, 549 F.3d at 1086. "The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor." *Roland Machinery Co. v. Dresser Indust., Inc.*, 749 F.2d 360, 387 (7th Cir. 1984); *accord Girl Scouts*, 549 F.3d at 1086. At bottom, unless the movant—by a clear showing—carries the burden of persuasion, the "extraordinary and drastic remedy" of injunctive relief should not be granted.[1] *Christian Legal Society v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (Wood, C.J., dissenting), *quoting Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam) (other citations omitted); *see also Girl Scouts*, 549 F.3d at 1085 ("[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." (quotations omitted)).

Here, the Court notes a number of procedural issues with Turley's request for the extraordinary remedy of a TRO. First, there is no indication from the record that the individuals implicated in Turley's motion (Defendants Rednour and Gaetz) have received any notice of his motion. As noted above, a TRO may issue without notice only when a party clearly shows "*by affidavit or verified complaint* ... that immediate and irreparable injury, loss, or damage will result

---

[1] Turley's motion is also governed by the Prisoner Litigation Reform Act. *See* 18 U.S.C. §3626(a). Under the PLRA, preliminary injunctive relief can be ordered only if the relief is "narrowly drawn, extend[s] no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2).

4

to the movant *before* the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1) (emphasis added). Turley has not submitted an affidavit or verified complaint along with his motion. FED. R. CIV. P. 65(b)(1)(A). Nor has Turley certified in writing any efforts he made to give notice to the adverse parties and the reasons why such notice should not be required. FED. R. CIV. P. 65(b)(1)(B). As such, Turley is procedurally barred from receiving the drastic remedy that he seeks. *See, e.g., American Con Co. v. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984) (By entering an *ex parte* TRO that failed to comply with "the strict procedural requirements of FED. R. CIV. P. 65(b)(1)" the district court abused its discretion.).

Even if Turley had followed the stringent restrictions imposed by FED. R. CIV. P. 65(b)(1), a TRO is unwarranted because Turley cannot satisfy the substantive requirements for this far-reaching equitable remedy. First, the Court assumes, without deciding, that Turley has demonstrated at least some likelihood of success on the merits of his claims. However, Turley has not shown that no adequate remedy at law exists. Turley is currently litigating four civil rights actions in this Court alone (Case Nos. 08-cv-007-MJR, 08-cv-377-MJR and 10-789-JPG). While these actions are likely progressing at a slower pace than Turley would like, they are nonetheless proceeding and they deal with many claims nearly identical to those he raises in his instant emergency motion. As such, the Court finds that Turley does indeed have an adequate remedy at law.

Regarding irreparable harm, the Court finds most troubling, Turley's claims of being stonewalled from Menard's grievance process and the confiscation of his legal documents (*see* Doc. 47, p. 3). If such actions are occurring as Turley alleges, it is very likely that they would constitute constitutional violations. However, at this point, Defendants have not been given any opportunity to respond to Turley's allegations. Initially, the Court was inclined to grant Defendants such an

5

opportunity as soon as they entered their appearance in this action. However, for the reasons outlined below, even if the Court were to assume that Turley is suffering irreparable harm, when the Court then balances the potential harms to both of the parties, if injunctive relief were to be granted, the balance weighs heavily in Defendants' favor.

**Turley's Request for Preliminary Injunction**

In both his request for a TRO and his request for a preliminary injunction, Turley asks this Court to order prison officials to either remove him from his current Cellhouse or transfer him to another correctional facility. As such, Turley is not requesting injunctive relief that would maintain the status quo, but rather an alteration.[2] Turley also is requesting a mandatory injunction that would affirmatively require the Defendants to act.[3] Most heavily weighing against Turley is the fact that his requested injunction would require a federal court's ongoing involvement in the operations of a state prison. In this context there are "special restrictions on the remedial power of a court." *Westefer v. Snyder*, 725 F.Supp.2d 735, 788 (S.D. Ill. 2010). Indeed, the Supreme Court has noted that federal courts should "avoid taking measures that lead to 'involvement … in the day-to-day management of prisons, often squandering judicial resources with little offsetting benefit to anyone,' and to 'afford appropriate deference and flexibility to state officials trying to manage a volatile environment.'" *Id.*; *quoting Sandin v. Conner*, 515 U.S. 472, 482 (1995).

---

[2] Generally speaking, only in unusual circumstances will a Court grant preliminary injunctions ordering an *alteration* of the status quo, and only where the merits strongly favor one party over another. In some Circuits, this kind of preliminary injunction is "disfavored" and requires the movant to make a "heightened burden of showing that the traditional four factors weigh heavily and compellingly in its favor." *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 154-55 (10th Cir. 2001). While the Seventh Circuit does not appear to use this heightened standard, this factor nonetheless may be considered in the Court's sliding scale analysis when weighing the relative burdens to the parties.

[3] Such "mandatory" as opposed to "prohibitory" injunctions are also considered "disfavored" in some Circuits. *See, e.g., Schrier v. Univ. of Col.*, 427 F.3d 1253, 1259 (10th Cir. 2005).

Put simply, Turley is not only seeking an extraordinary remedy, but also, an extraordinary kind of mandatory injunctive relief that would alter the status quo. The relief Turley seeks is extraordinary because it would require this Court to exercise ongoing authority over state prison officials who are attempting to do a difficult job. The notion of a federal court sitting as a super-management board over state prison officials militates heavily against granting the kind of injunctive relief that Turley requests. Finally, as noted above, such a use of limited judicial resources is of questionable, if any, benefit to the general public. In light of the foregoing, the undersigned Magistrate Judge RECOMMENDS that Turley's requests for a TRO and a preliminary injunction should be DENIED.

Plaintiff Turley filed a second Emergency Motion for Temporary Restraining Order on March 21, 2010 in both this case (Doc. 51), and in his "2008 case," Case No. 08-cv-007-MJR (Doc. 64). Turley's second motion dealt almost exclusively with allegations against the primary named Defendant in his 2008 case, Danny Bedinger. As such, District Judge Reagan reviewed and denied Turley's request for injunctive relief exclusively in that case. It follows then that the identical motion (Doc. 51) that he filed in the instant action should be terminated as MOOT.

### Recommendation

In sum, this Court recommends that Plaintiff Gregory Turley's first Emergency Motion for Pretrial Conference and Temporary Restraining Order (Doc. 47) be **DENIED**. Further, Plaintiff Turley's second Motion for Temporary Restraining Order (Doc. 51) should be found **MOOT**.

**Objections to this Report and Recommendation must be filed on or before Friday, April 15, 2011.**

Dated April 1, 2011.

/s/ **_Stephen C. Williams_**
Stephen C. Williams
United States Magistrate Judge