IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY J. TURLEY, )
)
        Plaintiff, )
)
vs. ) Case No. 09-cv-0829-MJR-SCW
)
DAVID REDNOUR, JEANETTE )
COWAN, BETSY SPILLER, MARCK )
QUILLMAN, C/O SCHNICKER, )
C/O LINDENBURG, FRANK )
LAWRENCE and J. HAMILTON, )
)
        Defendants. )

## MEMORANDUM AND ORDER

REAGAN, District Judge:

    A.    <u>Introduction and Overview of Claims</u>

In this suit based on 42 U.S.C. § 1983, Gregory Turley – an inmate at Menard Correctional Center in the custody of the Illinois Department of Corrections – asserts that correctional officials at Menard harassed him and retaliated against him, and that conditions at Menard are abusive. On threshold review, the Court concluded that Turley had stated a claim for retaliation against Defendants Rednour, Cowan, Spiller, Quillman, Schnicker, Lawrence and Hamilton as well has a claim for excessive force against Defendant Lindenburg.

On March 7, 2011, Turley filed an emergency motion for a pretrial conference and for a temporary restraining order (TRO) (Doc. 47). On March 21, 2011, Turley filed a second emergency motion for a TRO (Doc. 51).

In Turley's first motion (Doc. 47), he alleges that he is at high risk of being either physically assaulted or "set-up" for a false disciplinary report, or both. He states that since Defendants were given "notice" of the instant action on February 11, 2011, he has been subjected to three extensive cell searches, wherein "case evidence" was stolen and not documented on the shakedown slip. Turley contends that if he goes into protective custody he will be separated from all of his personal property immediately and that "staff enemies" work in that unit. Turley seeks a pretrial conference so that he can show the Court that he is not a troublemaker and that he was always listed as "low aggression" until he received a false disciplinary report for threatening and cursing out an officer on August 29, 2009.

In Turley's second motion (Doc. 51), he claims that he is subject to continuing acts of retaliation, intimidation and harassment by Danny Bedinger.

By Report issued April 1, 2011 (Doc. 54), Magistrate Judge Williams recommends that the undersigned District Judge deny Turley's motion for a pretrial conference and for a TRO (Doc. 47) and deny Turley's second emergency motion for a TRO (Doc. 51). Turley objected to certain recommendations within the Report and Recommendation (R&R) on April 15, 2011 (Doc. 58).[1]

---

[1] Turley did not object to Judge Williams' recommendation that his request for an *ex parte* hearing be denied. He also did not object to the

A timely objection having been filed, the undersigned Judge undertakes *de novo* review of the portions of the R&R to which specific written objection was made. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(3); Southern District of Illinois Local Rule 73.1(b).** The Court may accept, reject or modify the recommended decision, receive further evidence, or return the matter to the Magistrate Judge with instructions. **Fed. R. Civ. P. 72(b)(3); Local Rule 73.1(b**). With the issues thoroughly addressed and the motions fully ripe, the Court now resolves the motions and R&R, beginning with reference to the standards governing the undersigned Judge's review.

B. <u>Analysis</u>

**Federal Rule of Civil Procedure 65** authorizes the issuance of TROs and preliminary injunctions. Temporary injunctive relief is an extraordinary remedy that is only granted where there is a clear showing of need. *Cooper v. Salazar*, **196 F.3d 809, 813 (7th Cir. 1999),** *citing Mazurek v. Armstrong*, **520 U.S. 968, 972 (1997) ("[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").** District courts within this Circuit hold that the standard for granting a TRO and the standard for granting a preliminary injunction are

---

recommendation that the second emergency motion be denied as moot (Doc. 51) because it relates to Danny Bedinger who is not a defendant in this action but is a defendant in *Turley v. Bedinger*, Case No. 08-0007-MJR (S.D.Ill.).

identical. *See, e.g., Charter Nat'l Bank and Trust v. Charter One Financial, Inc.*, 2001 WL 527404 (N.D. Ill. May 15, 2001) (unreported). To prevail on a motion for a TRO, the moving party must show (1) a likelihood of success on the merits, (2) a lack of an adequate remedy at law, and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007). If the movant satisfies the first three showings, then the district court balances the "relative harms that could be caused to either party," if the injunction is granted or not granted. *Id., citing Incredible Tech., Inc. v. Virtual Tech, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005).

In a 2008 *per curiam* opinion, the Seventh Circuit articulated the movant's threshold showing slightly differently (then culminating in the same balance-of-harms analysis which the court turns to only if the movant *met* his burden on the threshold showing):

> A party seeking a preliminary injunction must demonstrate that he is reasonably likely to succeed on the merits, that he is experiencing irreparable harm that exceeds any harm his opponent will suffer if the injunction issues, that he lacks an adequate remedy at law, and that the injunction would not harm the public interest.

*Coronado v. Valleyview Public School District 365-U*, 537 F.3d 791, 794-95 (7th Cir. 2008).

One additional principle guides the Court's analysis in a the specific

context of a prisoner's motion for preliminary injunction. A section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief….

**18 U.S.C. § 3626(a)(2).**

In the case at bar, Judge Williams methodically addressed the standard for issuing a TRO and why Turley's request for injunctive relief failed to meet "the strict procedural requirements of FED. R. CIV. P. 65(b)(1)." Judge Williams found that there was no indication from the record that the individuals implicated in Turley's motion (Defendants Rednour and Gaetz) had received any notice of his motion. And, as Judge Williams observed, a TRO may issue without notice only when a party clearly shows "*by affidavit or verified complaint … that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition.*" **FED. R. CIV. P. 65(b)(1) (emphasis added)**.

Turley did not submit an affidavit or verified complaint along with his motion. **FED. R. CIV. P. 65(b)(1)(A)**. Nor did he certify in writing any efforts he made to give notice to the adverse parties or the reasons why such notice should not be required. **FED. R. CIV. P. 65(b)(1)(B)**. As a result, Judge

Williams did not err in finding that Turley was procedurally barred from receiving the remedy that he seeks. **American Can Co. v. Mansukhani, 742 F.2d 314, 321 (7th Cir. 1984) (By entering an *ex parte* TRO that failed to comply with "the strict procedural requirements of FED. R. CIV. P. 65(b)(1)" the district court abused its discretion.)**.

Even if Turley had surmounted this first hurdle, a TRO is unwarranted because he cannot satisfy the substantive requirements for a TRO. He clearly failed to meet his burden on the threshold showing for issuance of a preliminary injunction. Even assuming, *arguendo,* that Turley had shown a reasonable likelihood of success on the merits (a tall order), he has not demonstrated that he was experiencing irreparable harm. Plus he has an adequate remedy at law available to him for nearly everything alleged in his motion and complaint. So, Turley did not sustain his burden for issuance of a preliminary injunction.

More specifically, Turley has not demonstrated irreparable injury, *i.e.,* that he will suffer immediate harm "that cannot be prevented or fully rectified by the final judgment after trial." **Anderson v. U.S.F. Logistics (IMC), Inc., 274 F.3d 470, 478 (7th Cir. 2001),** *citing* **Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984).** Turley asserts that he is housed in Menard's "most punishing, high aggression, and dangerous cellhouse." Turley admits that he can go into protective custody but recites a

litany of ills that would accompany a decision to do so. These claims are speculative and fail to demonstrate immediate harm that cannot be prevented or rectified by entry of final judgment in this matter. Moreover, because of Turley's procedural failure, Defendants have had no opportunity to respond to these claims.

Turley is currently litigating four civil rights actions in the Southern District of Illinois, three of which are before the undersigned Judge. Many of the claims in the current emergency motion are identical to the claims in those cases. Although the cases may not be moving at the rate that Turley would prefer, two of these cases, *Turley v. Bedinger*, Case No. 08-cv-0007-MJR and *Turley v. Hulick*, Case No. 08-0377-MJR, are set for trial in three-and-one-half months. Consequently, not only has Turley failed to demonstrate immediate, irreparable harm, but also he has failed to show that he has no adequate remedy at law.

The Court must also weigh the potential harm to both parties and finds that, on balance, this factor favors Defendants. First, Turley seeks not to maintain the *status quo*, but to alter it by requiring prison officials to remove him from his current cellhouse and/or to transfer him to a different facility. **See, e.g., *Youngblood v. Wilson*, 2008 WL 215739, at \*1 (N.D.Ind. 2008) ("A preliminary injunction is designed to preserve the *status quo* in a case against possible changes. Youngblood, however, does not**

**seek to maintain the *status quo*; he seeks to have the court disrupt the *status quo.*")**.

Second, this Court must accord prison administrators "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." ***Bell v. Wolfish*, 441 U.S. 520, 547 (1979)**. Federal courts do not interfere with matters of prison management, such as at which facility or where within a facility a particular prisoner is housed, without a showing that a particular situation violates the Constitution. ***See Mendoza v. Miller*, 779 F.2d 1287, 1292 (7th Cir. 1986)**.

Turley has not established that his current confinement violates the Constitution or shown that the undersigned Judge would be justified in taking the extraordinary step of requiring prison officials to house him in a different facility or provide some other unspecified protection for him. Requiring that Turley be housed in a different facility does not fall within the parameters of narrowly-drawn relief, as required by the PLRA. And Turley rejects housing in both general population and protective custody - unless the Court were very strictly to provide for how he is to be housed there. Even if the Court were able to craft such an order, that remedy would be contrary to the deference that this Court must accord to correctional officials in "the adoption and execution of policies and practices that in their judgment are needed to preserve internal

order and discipline and to maintain institutional security." **Bell**, **441 U.S. 520 at 547**.

In sum, Turley has failed to prove the elements needed for the issuance of a temporary restraining order.

C. Conclusion

Having conducted *de novo* review the Court **ADOPTS in its entirety** Magistrate Judge Williams' April 1, 2011 Report and Recommendation (Doc.54), **DENIES** Turley's Emergency Motion for Pretrial Conference and for Temporary Restraining Order (Doc. 47) and **DENIES AS MOOT** Turley's Motion for Temporary Restraining Order (Doc. 51).

IT IS SO ORDERED.

DATED May18, 2011

                                    s/ Michael J. Reagan
                                    Michael J. Reagan
                                    United States District Judge