IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY J. TURLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 09–cv–0829–MJR–SCW |
| | ) |
| DAVID REDNOUR, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

**WILLIAMS, Magistrate Judge:**

On Tuesday, September 20, 2011, an in-court Motion Hearing was held on all three of Plaintiff Gregory Turley's ("Turley's") pending actions (Case Nos. 08-cv-007-SCW, 08-cv-0377-SCW, and the above-captioned action). In this case, the Court took up three pending motions including Turley's Motion for Leave to Conduct Discovery and Enlargement of Time to Respond to Defendant's [sic] Motion for Summary Judgment (Doc.77), and his Motion to Compel Production of Documents (Doc. 78). The Court heard argument from the parties on the Motion to Compel, and ruled on the motions as follows:

<u>Motion for Hearing on the Issue of Exhaustion of Administrative Remedies (Doc. 72)</u>

In light of the Motion for Summary Judgment for Failure to Exhaust (Doc. 75) timely filed by Defendants, the Court found Defendants' earlier Motion for Hearing on the Issue of Exhaustion of Administrative Remedies (Doc. 72) **MOOT**. An evidentiary hearing, if warranted, will be set at a later date, as detailed below.

<u>Motion for Leave to Conduct Discovery and Enlargement of Time to Respond (Doc. 77)</u>

The Court's May 5, 2011 Order (Doc. 62) required Defendants to "serve upon Plaintiff copies of all documents relevant to the issue of exhaustion" (Doc. 62, ¶ 3(A)). Defendants claim to have fully complied with Turley's discovery requests relating to exhaustion. The Court however noted its concern

with the Affidavit of Terri Anderson submitted by Defendants in support of their contention that no grievance relevant to the issues or claims in this case could be found (*see* Doc. 75-1). Specifically, the Court is concerned with Ms. Anderson's statement that her search did not reveal "any relevant grievances against these individuals and involving these allegations that were exhausted in accordance with Departmental Rule 504" (*Id.* at 4); a statement that allows too much room for interpretation and too narrowly defines a very specific category of grievances for which the affiant searched. The Court also noted that Turley has provided copies of grievances (*see* Doc. 74-1, pp. 1-4), indicating that relevant grievances may indeed exist.

      Accordingly, the Court **DIRECTED** Defendants to provide Plaintiff Turley with a copy of *all* grievances, or correspondence relating to any grievance(s)—regardless of the subject matter or the parties involved—submitted or filed by Turley during the time period relevant to this dispute; that is, **July through September of 2009.** Defendants were **FURTHER DIRECTED** to provide Plaintiff Turley with a copy of *all* Counselor and/or grievance log-in reports via the CHAMPS database; counselor summaries, and reports related to any emergency grievances filed by Turley **between July and September 2009**. All of this additional discovery SHALL be provided to Plaintiff Turley **on or before October 11, 2011.** In light of the Court directing the production of discovery as outlined above, Turley admitted that, if this discovery is provided to him, his request for supplemental interrogatories (Doc. 77, p. 2) would be MOOT.

      The Court also **GRANTED** Turley's request for an extension of time in which to respond to Defendants' Motion for Summary Judgment for Failure to Exhaust. A follow-up Hearing has been **SET** for **October 13, 2011 at 3:30 p.m.** to ensure compliance with this Order. At that time, the Court will set a deadline for Turley to file his response, and the Court will likely set a date for an evidentiary hearing on the issue of exhaustion of administrative remedies. Then, after the Court has reviewed all of the papers submitted, it will determine whether an evidentiary hearing is, in fact, necessary.

<u>Motion to Compel Production of Documents (Doc. 78)</u>

The Court SUSTAINED Defendants' Objections to Plaintiff Turley's Request to Produce Administrative Directives regarding Standards of Conduct, Employee Training and Program Services Inventory because they will not help establish any constitutional standards in this action. As such, they are not relevant.

The Court OVERRULED Defendants' Objection to Turley's Request to Produce the North 1 Cellhouse Protective Custody Sign-in Log Book pages from 8/05/09 until 8/07/09; Defendants claim to have sent a copy of the redacted Log Book pages on August 24, 2011. Because Turley claims he never received these documents, the Court **DIRECTS** Defendants to resend this information. Defendants SHALL also resend the information relating to Turley's "staff enemies" as outlined during the Hearing. Finally, the Court **DIRECTED** Defendants to provide any documentation relating to a purported investigation conducted by Illinois Department of Corrections (IDOC) Investigator Michael Atchinson, or any documentation related to Investigator Atchinson's decision not to investigate Turley's claims.

All of the discovery outlined herein SHALL be provided to Plaintiff Turley **on or before October 11, 2011.** Once again, a follow-up video **Status Hearing** is **SET** for **October 13, 2011 at 3:30 p.m.** All parties may appear by video.

**IT IS SO ORDERED.**

DATED: September 26, 2011.

/s/ *Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge